SALCINES, Judge.
Chad Edward Holley appeals the convictions and sentences which were entered on his no contest pleas in two cases. We affirm the convictions; however, the State candidly and correctly concedes that several preserved sentencing errors require reversal and remand for corrections. Thus, we reverse the sentences in both cases and remand for the appropriate corrections. We also direct the trial court to correct the written judgment in trial court case number 04-7887.
Holley was charged in trial court case number 04-7064 with driving while license revoked as a habitual traffic offender for an offense occurring on April 14, 2004. Holley was charged in trial court case number 04-7837 with driving while license revoked as a habitual traffic offender, obstructing or opposing an officer without violence, and reckless driving for offenses occurring on April 23, 2004. The State ultimately dropped the charge of reckless driving.
Holley filed two motions to suppress arguing, among other things, that the evidence supporting the charges in both cases was obtained as a result of an illegal stop, search, and seizure in each case. A single evidentiary hearing was held on both motions to suppress. The trial court denied the motions. We affirm the denial of those motions.[1]
Following the denial of the motions to suppress, Holley entered open no contest pleas to the single charge in trial court case number 04-7064, driving while license revoked as a habitual traffic offender, as well as the two remaining charges in trial court case number 04-7837, driving while license revoked as a habitual traffic offender and obstructing or opposing an officer without violence. The trial court adjudi *1051 cated Holley guilty as charged and entered written judgments. Notably, the written judgment in trial court case number 04-7837 included the count for reckless driving even though that charge had been dropped by the State prior to the entry of Holley’s pleas.[2]
The trial court orally pronounced sentences of 180 days’ incarceration in the county jail on each count in each case to run concurrently. The court also pronounced certain costs and fees. Pertinent to this appeal, the trial court imposed a discretionary cost for the court facilities fund in each case. Although there is some confusion in the record concerning the amounts of the court facilities fund costs orally pronounced and the amounts ultimately included in the costs orders, suffice it to say the trial court imposed the foregoing discretionary costs without determining whether Holley had the ability to pay the assessment.
Holley preserved for review several sentencing errors by timely presenting his claims to the trial court pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). Holley asserted that the trial court had improperly imposed the court facilities fund cost in each case. He additionally maintained that the written sentence in trial court case number 04-7837 was inadequate because the sentences were combined as a general sentence and that the written sentences did not reflect the trial court’s oral pronouncement that the sentences in trial court case number 04-7837 were to run concurrently with the sentence in trial court case number 04-7064. Finally, Holley asserted that the written judgment in trial court case number 04-7837 improperly included a conviction for the reckless driving charge which had been dropped by the State.
In this appeal Holley argues that although the trial court granted relief as to the erroneous costs orders, it failed to file the amended sentences and costs orders. He also argues that the trial court failed to address the remainder of the aforementioned preserved claims. The State concedes that the arguments raised by Holley in this appeal pertaining to the sentencing errors have been properly preserved and afford a basis for relief. Thus, we reverse the sentences and costs orders in both cases and remand for the appropriate corrections. We further direct the trial court to enter a corrected written judgment in trial court case number 04-7837 to include only the two offenses for which Holley was convicted.
Affirmed in part, reversed in part, and remanded.
ALTENBERND and CANADY, JJ., Concur.

. Holley entered pleas reserving the right to appeal the denial of his motions to suppress which the State agreed were dispositive. We find no error in the trial court’s denial of the motions to suppress.

. It is apparent that the inclusion of the reckless driving charge on the written judgment was a scrivener’s error.